# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LUIS RONALD ERAS ZUMBA,**<br><br>**Petitioner,**<br><br>v.<br><br>**TODD BLANCHE,** *et al.,*<br><br>**Respondents.** | **Case No. 26–cv–08192–ESK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Luis Ronald Eras Zumba's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).   (ECF No. 1.)   Respondents oppose the Petition.   (ECF No. 5.)

1.    Petitioner is a citizen of Ecuador.  (*Id.* p. 2.)  Immigration and Customs Enforcement (ICE) detained Petitioner on July 2, 2026 in Irvington, New Jersey.   (ECF No. 5–1 p. 3.)   According to respondents, petitioner agreed to voluntarily depart the United States the same day.   (ECF No. 5 p. 2.)

2.    Petitioner filed his Petition on July 7, 2026 and sought release from custody.   (ECF No. 1.)

3.    In response to respondents' voluntary departure argument, petitioner asserts that "procedural defects, institutional coercion, and internal contradictions" make the voluntary departure waiver invalid.   (ECF No. 6 p. 2.) He points to the fact that the I–213 form, his warrant for arrest, and Voluntary Departure and Verification of Departure are all dated July 2, 2026.   (*Id.*) "Petitioner was stopped, arrested, processed, and induced to sign a total waiver of his constitutional and asylum rights in a single rapid sequence while completely isolated in a highly custodial environment."   (*Id.* pp. 2, 3.)

4.    I ordered respondents to file supplemental briefing on petitioner's claim of coercion, including certifications from people with personal knowledge of the circumstances.   (ECF No. 7.)

5.    Respondents produced the certification of the deportation officer who processed petitioner, Ricky Cordero.   (ECF No. 8–1.)   Cordero denied coercing petitioner into signing the voluntary departure agreement, stating "[a]s per my standard practice, upon processing, I would have determined that [p]etitioner

was eligible for voluntary departure and would have offered it to him."    (*Id.* ¶¶ 9, 10.)

6.    Respondents further argue that I lack jurisdiction to review a challenge to a grant of voluntary departure in a habeas petition.    (ECF No. 8 p. 2.)

7.    8 U.S.C. § 1229c(f) states that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b), nor shall any court order a stay of [a noncitizen's] removal pending consideration of any claim with respect to voluntary departure."

8.    Petitioner is not appealing a denial of an order of voluntary departure, nor is he seeking a stay of his removal.    Therefore, § 1229c(f) does not remove my jurisdiction over the Petition, but 8 U.S.C. § 1252(a)(2)(B) does.

9.    Section § 1252(a)(2)(B) provides in relevant part that "no court shall have jurisdiction to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security … ."    8 U.S.C. § 1252(a)(2)(B)(ii).    This would include the decision to permit voluntary departure.

10.    Accordingly, the Petition must be dismissed for lack of jurisdiction.[1]

Accordingly,

**IT IS** on this    **10th** day of **August 2026**    **ORDERED** that:

1.    Petitioner's § 2241 Petition is **DISMISSED FOR LACK OF JURISDICTION**.

2.    Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

---

[1] I note that petitioner has the right to withdraw his agreement to voluntary departure in the immigration courts.    *See Dada v. Mukasey*, 554 U.S. 1, 5–6 (2008) (noting that a noncitizen "must be permitted an opportunity to withdraw the motion for voluntary departure, provided the request is made before the departure period expires.")    Nothing in this opinion and order shall be construed as preventing petitioner from seeking this relief.

3.      The Clerk shall **CLOSE** this case.

> /s/ Edward S. Kiel
> **EDWARD S. KIEL**
> **UNITED STATES DISTRICT JUDGE**

3